EXEMPT FIREMAN'S ASS'N OF CITY OF LITTLE FALLS v. CITY OF LITTLE FALLS et al.

(Supreme Court, Appellate Division, Fourth Department.   December 29, 1911.)

MUNICIPAL CORPORATIONS (§ 194*)—FIREMEN'S FUND—RELIEF ASSOCIATION—RIGHT TO FUND.

Where plaintiff, an exempt firemen's association, was organized for benevolent purposes under the membership corporations law (Consol. Laws 1909, c. 35), its principle business being to assist such of its members as might need help and to extend aid to widows and children of members, but it did not appear that its membership or work was limited

to firemen, either active or exempt, or their families or dependents, or that it was organized by firemen, though it was stated that its present membership were all exempt firemen, and aside from its name there was nothing indicating that it was an exempt firemen's association or was organized to carry out the purposes contemplated by Insurance Law (Consol. Laws 1909, c. 28) §§ 133, 135, imposing a percentage tax on premiums collected by foreign fire insurance companies within the city for the benefit of such persons and their families as have been lawfully discharged from the volunteer fire department, etc., the plaintiff was not shown to have been entitled to the fund collected for such purpose by the city treasurer of the city in which plaintiff did business.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 533; Dec. Dig. § 194.*]

Submission of controversy between the Exempt Fireman's Association of the City of Little Falls and the City of Little Falls and William Quackenbush, as City Treasurer. Judgment for defendants.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

W. S. Rhodes, for plaintiff.
S. H. Newberry, for defendants.

KRUSE, J. The controversy is over certain moneys collected pursuant to the provisions of the insurance law (Consol. Laws 1909, c. 28), upon business done by foreign fire insurance companies for insuring property within the city of Little Falls, and now held by the city treasurer and claimed by the plaintiff. The amount in controversy is $2,503.37. The question submitted is whether this fund shall be paid over to the plaintiff's treasurer, as the plaintiff claims, or may be used to maintain the present fire department of the city, as the city contends.

While section 133 of the insurance law declares that the percentage tax shall be for the use and benefit of the fire department, that declaration should be read in connection with the other provisions of the statute. These provisions, as a whole, as interpreted by the courts, seem to indicate that the first claim upon the fund is for the relief of exempt or veteran volunteer firemen, administered through organized firemen's relief or benevolent societies, having the requisite authority. Insurance Law, §§ 133, 135. This percentage tax provision has been embodied in our statutes in substance for many years and was passed upon by the Court of Appeals in Trustees of Exempt Firemen's Fund v. Roome, 93 N. Y. 313, 45 Am. Rep. 17. In that case the history of this legislation, the origin and growth of the volunteer firemen's organizations, the relation of the volunteer firemen to the state, and their service to the public, are fully discussed. The action there was brought by an exempt volunteer firemen's corporation, organized by a special act of the Legislature (Laws of 1866, c. 633), which authorized and directed the payment of the foreign fire insurance company percentage tax to the corporation. The fund of which the tax became a part was required to be invested and the revenue derived therefrom used to afford aid and relief to such persons and their families as have been lawfully discharged from the volunteer fire

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

department of the city of New York, in indigent circumstances, "and to the families of members of said department who have been maimed or killed in the discharge of their duty as volunteer firemen." The action was brought against an agent of a foreign fire insurance company to recover the percentage tax. The constitutionality of the act was attacked upon the ground, among others, that the payment had continued after the service of the firemen had ended, and that the appropriation was a mere gift. But it was held that the plaintiff corporation was a subordinate governmental agency, employed by the state to fulfill its obligations due the exempt firemen for the services they had rendered at the request and by the procurement of the state; and the judgment in its favor was affirmed.

I would have no difficulty in reaching the conclusion that the plaintiff is entitled to the percentage tax in this case, if it appeared that it was organized for the purpose contemplated by the statute, and authorized to receive and administer the fund. But it does not so appear from the statement of facts upon which this controversy is submitted, as will be presently pointed out.

The plaintiff is a domestic corporation. It was organized November 4, 1899, under the membership corporations law (Consol. Laws 1909, c. 35), by the name of the "Exempt Firemen's Association of the City of Little Falls," operating within that city. There is another corporation, organized March 3, 1903, under the same law, by the name of the "Little Falls Firemen's Relief Association," operating within the same city. It is somewhat similar in character to that of the plaintiff. It is not made a party to this proceeding. Whether there are any others we do not know.

At the time the plaintiff was organized, the fire department of the city of Little Falls was in a state of transition from volunteer firemen to paid firemen. Shortly before the incorporation of the plaintiff, the fire deparment of the city consisted of 6 separate volunteer fire companies, each having from 18 to 30 members, with separate organizations and separate headquarters. Five of the volunteer companies were taken out of service by the city and paid firemen put in their place in June, 1899, and the services of the remaining volunteer company were dispensed with July 1, 1902. Since that time the fire department has been wholly a paid fire department.

From 1897 to 1900, the percentage tax was distributed equally among the six volunteer companies, and for the next three years paid to the one volunteer company remaining in service, except that in 1903 10 per cent. was paid to the Fireman's Home at Hudson, N. Y. The money collected thereafter, up to and including 1910, remains in the hands of the city treasurer, except for the first three years it was transferred to the police and fire board of the city, and excepting the 10 per cent. paid to the Fireman's Home, which is not in dispute.

It does not appear, and perhaps is not important, whether the volunteer fire companies were incorporated or not; nor to what extent they maintained their organization after their retirement from active service although the companies seem to have received the fund for a year following their retirement.

According to its certificate of incorporation, the plaintiff is organized for benevolent and charitable purposes, under the provisions of article 2 of the membership corporations law. The particular business and objects of the corporation, as declared in its certificate of incorporation, are "to assist such of its members as may need help or protection, and to extend needful aid to the widows and children of the members thereof." Neither its membership nor its work of rendering aid and assistance is limited to firemen, active or exempt, or their families or dependents. It does not even appear that it was organized by firemen, although it is stated that the present members are all exempt firemen. Aside from its name, there is absolutely nothing to indicate that it is an exempt fireman's association, or was organized to carry out the purposes contemplated by the statute, or that it has any power by statute or otherwise to receive and administer the fund.

The purpose and objects of the other corporation, the Little Falls Firemen's Relief Association, as declared in its certificate of incorporation, come nearer answering the description contemplated by the statute than the plaintiff, since that limits its works to assisting firemen and their families, although not in terms to exempt and volunteer firemen.

I do not mean to say, however, that the Firemen's Relief Association is entitled to the fund. But it seems clear that the plaintiff has not shown itself to be entitled thereto. Neither is it intended to hold that the defendant may use the money to maintain the present paid fire department of the city. It is unnecessary to discuss that question and not proper to decide it in the absence of other persons or organizations not parties to the proceeding, who may be interested in the fund and entitled to be heard upon that question.

We simply decide now that the plaintiff, upon the record before us, is not entitled to the fund in question, and judgment to that effect should be directed, but without costs, as the parties have so stipulated. All concur.